Judge Mills
delivered the opinion of the Court.
On the 21 st day of November, 1807, Fenwick the plaintiff in error, conveyed to Francis Ratliff, a farm of 230 acres of land, by absolute deed of conveyance and delivered him possession thereof.
On the 27th day of December, 1825, Ratliff having previously died, Fenwick tendered to his administrator $ 1010, and demanded a reconveyance of the land, alleging that the original deed, though absolute and expressing the consideration of $1000, was intended, and agreed by the parties thereto, to be a mortgage or security for money. The tender, and the conveyance were both refused.
On the 11th July, 1816, Fenwick filed his bill insisting that the sum of $1010, was loaned to him by Ratlin, and the land conveyed as a security. That the rents were in the mean time to extinguish and discharge the interest; that these rents far exceeded legal interest, and setting forth the tender and offering to let the rents remain as an offset against the interest up to the time the tender was made, and afterwards he insists on a discharge from the interest and an account of the rents.
The heirs and administrator of Ratliff demurred to this bill, and the demurrer was argued, and while the court held the same under advisement, Fenwick amended his bill, insisting on the same charges, and also admitting Ninian Edwards as a complainant, and both he and Edwards alleges that previous to the conveyance to Ratliff, he, Fenwick, had sold by executory contract, part of the same land to Uri- *155 all Edwards, wbo had sold the same to Ninian Edwards, and that Ratliff had complete notice of the equity of Uriah and Ninian Edwards, before he took the conveyance from Fenwick.
Demurrer ^*tai buj overruled as to the amended bill.
Decree of the oirouit court-
Fenwick’s as-si.?Dment of error’
Original bill k.e]^ suffi-0lent"
Held the Proof esta’D" transaction a mortgage,
Where usury is alleged, it may be proved by parol, and then by the like evidence, the-written instruments of the contract. may be contradicted or viiried.
*155 The heirs of Ratliff demurred to. this bill also. The court, then sustained the demurrer to the original bill, but did not dismiss it then, and overruled the demurrer as to the amendment.
, , . Ratliffs heirs answered, denying ail the equity of both bills, and on a final hearing the court dismissed the bill, as to the equity of Ratliff, and sustained the equity of Edwards, derived from Fenwick, and decreed to him a conveyance to that part of the land claimed by the contract of Uriah Edwards.
Fenwick, has prosecuted his writ of error, assigning for error the dismission of his complaint, and tiie refusal of the court to permit him to’ redeem.
We will not stop to expatiate on the impropriety of the court sustaining the demurrer to one part of thebiil, and overruling it as to the other, as the original bill ought to have been sustained, because, it contained a good ground for relief; for although, the demurrer was sustained thereto,1 yet the answer of the defendants put all the matter in issue therein contained, and the bill itself remained till the final hearing, and the demurrer was treated by the- parties as if it had been overruled.
We conceive the court erred in refusing relief to-Fenwick, and in not permitting him. to redeem the whole land; because the proof sufficiently extablish-es a loan, and that the right to. redeem was reserved to Fenwick, by the’ mutual- agreement and understanding of the parties..
Whatever difficulties may exist against the introduction of the parol evidence, to reduce an absolute deed to a mortgage, none can- arise- in. a- case where usury is alleged and proved. It is the effect, of the statutes against usury, to admit such evidence to vary or alter the terms of a written instrument, and to expunge from it all that is usurious. Mingling usury with the sound part of a contract, always *156 presents a sufficient apology for the introduction of parol evidence, to overthrow, vary and contradict-, any written document, however solemn and formal, introduced as evidence of the contract. The proof here shows a lending, and that the rent of the farm were not less than equal to ten per centum per an-num on the money advanced, and that Fenwick was át liberty to redeem at any time orí the restoration of the money.
lender of the mortgage money, in an usurious transaction,found in the writings in the form of an absoluto sale, stops the running of the interest, and still the usurer shall pay the rents.
Mandate for the decree, and the carrying it into effect.
Triplett, for pl’tf; Talbot and Mayes, for def’t.
It was competent for Fenwick to waive the usury either in whole or in part. In his bill, he has waived his claim for any account thereof, and allows the rents to go in satisfaction thereof up to the time of tender, After that he insists upon a cessation of the usury, and indeed of all interest, and an account of the rents. Accordingly at his offer, no account of rents ought to he taken till the day of the tender. But afterwards an account of rents must be taken, deducting necessary reparation ot the premises, and the rents set off against the money loaned, and no interest can he allowed on the money loaned after the tender, because that the law as it stood, at the time this contract was made, compelled the lender to accept his principal without interest and to pay costs, and because the tender necessarily stopped the running of interest.
If the balance should be in favor of Ratliff’s estate, Fenwick must be allowed day for the payment or tender thereof, and if he shall fail in complying with the decree, His bill must be dismissed, and if he shall pay <xv tender the balance, then a decree must be rendered in his favor, for a conveyance, and possession of the land, On the contrary, if the rents exceed the principal, a decree must be entered for a conveyance and the possession, and the balance so formed, with costs. This assessment ought to be made by commissioners appointed according to the course of the court of chancery.
The decree must be reversed with costs, and the cause be remanded, that such proceedings may be had and deceee rendered, as shall not be inconsistent with this opinion.